# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RITA CRAWFORD-GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV1381 FRB |
| ) | |
| ERIC SHINSEKI, Secretary ) | |
| Department of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the response by plaintiff to the Court's February 25, 2013 Show Cause Order as to why this action should not be dismissed due to plaintiff's failure to exhaust her administrative remedies. After reviewing plaintiff's responses to the Court's Memorandum and Order, the Court will dismiss the complaint for failure to exhaust her administrative remedies.

### The Complaint and Background Facts

Plaintiff asserts that she is bringing this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. She alleges racial discrimination and retaliation by her former employer, the Department of Veterans Affairs ("VA"). Specifically, plaintiff states that she was wrongfully terminated from her employment in September of 2000, and that she was subjected to racial discrimination and

retaliation in the terms and conditions of her employment prior to her termination. Although plaintiff states that she is bringing suit under Title VII, it is apparent, after a full reading of her complaint, that she is really attempting to bring an appeal of an administrative findings of the Merit Systems Protection Board ("MSPB") relating to her claims of unlawful termination from the VA.[1]

In her complaint, plaintiff asserts that she has engaged in a series of administrative and judicial actions against her former employer from 1997 through the present action. Indeed, it appears that plaintiff has filed no less than six prior lawsuits in this Court relating to the same or similar allegations set forth in the instant case. See, e.g., Graham v. Veteran's Administration, 4:96CV2320 CEJ (E.D. Mo.); Graham v. Hershel Gober, Acting Secretary of Veteran's Affairs, 4:97CV2065 CEJ (E.D. Mo.);

---

[1]To the extent that plaintiff is, indeed, attempting to bring a Title VII claim against the VA for wrongful termination, she would have had to file suit within ninety (90) days of the final decision of the VA, unless she appealed her termination to the Equal Employment Opportunity Commission ("EEOC"), in which case it would have had to have been brought within ninety (90) days following receipt of the EEOC's decision. 42 U.S.C. § 2000e-16(c). This Court takes judicial notice of plaintiff's prior proceedings in which she testified that she did not appeal her termination to the EEOC. Plaintiff states in her complaint that she received the decision of the MSPB on February 7, 2011. As plaintiff filed her complaint in this Court on August 1, 2012, any claim she would be attempting to bring under Title VII would be time-barred, or filed past the ninety (90) day time period. As such, from both the tenor of her pleading and the fact that any Title VII claims would be time-barred, the Court will interpret her complaint as an appeal from the administrative findings of the MSPB.

Crawford-Graham v. Principi, 4:01CV556 CDP (E.D. Mo.); Crawford-Graham v. USA, 4:02CV701 CDP (E.D. Mo); Crawford-Graham v. USA, 4:02CV702 CDP (E.D. Mo.); and Crawford-Graham v. USA, 4:02CV991 CDP (E.D. Mo.).

In Crawford-Graham v. Principi, 4:01CV556 CDP (E.D. Mo), plaintiff filed suit against the VA alleging racial discrimination and retaliation under Title VII.  In her complaint, plaintiff alleged that she was wrongfully: (1) terminated from employment on October 6, 2000; (2) denied employment to a mediator coordinator position on June 18, 1998;  (3) given a letter of counseling on December 1, 1999; (4) reprimanded on February 8, 2000; and (5) given a letter of counseling on March 7, 2000.

The Honorable Catherine Perry presided over plaintiff's 2001 case against the VA, and in that case Judge Perry granted defendant's motion for partial dismissal on plaintiff's unlawful termination claim.[2]  After reviewing the record, the Court found

---

[2]In her August 2, 2002 Memorandum and Order, the Court reviewed the VA's motion to dismiss plaintiff's unlawful termination claim.  The Court found that plaintiff had worked as a receptionist at the VA's Medical Center in St. Louis, Missouri.  On September 22, 2000, plaintiff received a Notice of Removal and was subsequently terminated on October 6, 2000.  Plaintiff did not consult with an EEO counselor or file an EEO complaint regarding her removal.  Instead, the Union filed a grievance on plaintiff's behalf, as it was authorized to do under the CBA.  The grievance proceeded through three levels, at which time the Union asked the VA to agree to binding arbitration.  The VA agreed, and on June 21, 2001, the arbitrator found that plaintiff's termination was warranted.  On July 24, 2001, the Union filed exceptions to the arbitrator's decision with the Federal Labor Relations Authority.

that as to plaintiff's termination claims, she had opted for the negotiated grievance procedure (under the Collective Bargaining Agreement ("CBA")) rather than file under the statutory procedure for filing Equal Employment Opportunity ("EEO") complaints. Accordingly, Judge Perry found that plaintiff had failed to appeal the arbitration decision to the MSPB as required by 5 U.S.C. §§ 7121 and 7121(d), before invoking District Court jurisdiction over her discriminatory termination claim under § 7702. Plaintiff's termination claims were therefore dismissed due to her failure to exhaust her administrative remedies with respect to those claims.[3]

The remaining matter was then tried before Judge Perry, wherein the Court found that plaintiff failed to make a showing that she had been subjected to racial discrimination or retaliation for engaging in protected activity. Judge Perry entered judgment in favor of the VA and ordered plaintiff to bear the costs of the litigation, despite her pro se, in forma pauperis status.

---

On August 31, 2001, the Authority dismissed the exceptions because it lacked jurisdiction to adjudicate the claims relating to the removal of employees and the Union did not respond to a show cause order.  Plaintiff also failed to appeal the arbitrator's decision directly to the MSPB.  Although the Union allegedly requested a waiver to file a late appeal, at the time the Court entered the August 2002 opinion, there was no record of plaintiff's appeal to the MSPB on file.

[3]Under 5 U.S.C. § 7703, an employee with a discrimination claim may proceed to court after receiving notice of a "judicially reviewable action" under § 7702.  5 U.S.C. § 7703(b)(2).  Accordingly, an employee who chooses the negotiated grievance procedure must take the arbitrator's decision to the MSPB before seeking judicial review.

In the complaint currently before the Court, plaintiff asserts, in paragraph 4 of her complaint:

> Due to Defendant's continued wrongs against Plaintiff since the above suit she was forced to file 2 employment discrimination actions against the same employer in this forum; 3 Small Claim Cases in The St. Louis County Circuit Court (3 separate defendants); a State of Missouri Division of Employment Security and Labor and Industrial Relations Commission Petition; a Federal Labor Relations Authority Petition; a U.S. Merit Systems Protection Board Petition and an Equal Employment Opportunity Commission Petition.  Throughout the Plaintiff's litigation the process was a travesty of justice. Without proper basis, contrary to the U.S. laws and the U.S. Constitution the Plaintiff's right to a jury trial was denied.  Without a hearing and by unpublished per curiam decision the MSPB and EEOC affirmed the dishonest ruling of the District Court.

In paragraphs 7-9 of plaintiff's complaint, plaintiff additionally asserts:

> Further, Plaintiff requests that this honorable body review the unsigned Opinion and Order dated August 17, 2005 and April 2005. . .Whereby, this charge filed after the allowed filing period was considered timely because the charge party prevented the charging party from discovering the unlawful conduct within the allowed period by concealment or by failing to perform a duty owed to the charging party.  The records shows a MSPB decision allegedly rendered August 17, 2005 and a duplicate of this decision dated in April of 2005. . .This decision was pending from June 2004 until Plaintiff received a copy of said order on February 7, 2011, over 6 years later. . .Plaintiff also affirms that since the Wrongful Termination she has been placed on a No-Hire List for all prospective Employers interacting in business with the Federal Government. Express Scripts, selected Plaintiff for employment in 2004.  After discovering that Plaintiff was in civil litigation with the VA, the Hiring Manager called Plaintiff and cancelled the offer of employment due to Plaintiff's civil case with the VA.

Plaintiff commenced the present action on August 1, 2012.  In her request for relief, she seeks reversal of all prior administrative and judicial decisions made in this matter and all other matters she has brought against the VA.  Plaintiff further seeks this Court to "empower a joint Congressional and Public Commission to investigate the operation of the Federal Courts for abuse of citizen's rights, and report its findings and recommendations to the people."  She asks for a reference "for impeachment and criminal prosecution all those the Commission Determines to be responsible for abuse of Constitutional rights of citizens in the Federal Courts."  She requests an introduction of a "bill in the U.S. Congress that provides for (1) creation of federal District and circuit commissions with the mandate to evaluate the constitutionality of the past, present and future treatment of the federal litigants by the Federal Courts; (2) compensation of all victims of the denial of Constitutional rights by the Federal Judiciary; (3) refiling or rehearing of all cases and appeals in which the litigants were denied due process by the Federal Judiciary."  Last, plaintiff requests that Congress eliminate "unconstitutional absolute Judicial immunity of the Federal Judiciary in favor of a reasonable qualified immunity."

Plaintiff additionally seeks monetary compensation from September of 1988 to the present, as well as specific injunctive relief, including reinstatement to her employment.

## Discussion

Federal courts are courts of limited jurisdiction. Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States, 362 F.3d 333, 336 (5th Cir.2004). Without jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. Id.

As Judge Perry held in plaintiff's prior case, plaintiff's case before the MSPB was a "mixed case" appeal.[4] "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302(a)(2); see also Butler v. West, 164 F.3d 634, 638 (D.C.Cir.1999). Title 5, United States Code, § 7702 and the relevant sections of the Code of Federal Regulations contain the statutory provisions directly addressing the procedural path of a mixed case. See Butler, 164 F.3d at 638.  An employee who intends to pursue a mixed case can choose between filing a "mixed case complaint"

---

[4]As noted in Judge Perry's August 2, 2002 Memorandum and Order, plaintiff did not properly exhaust her claim relating to her termination, thus, issues relating to the termination were not properly before the Court in her prior case.  See Crawford-Graham v. Principi, 4:01CV556 CDP (E.D. Mo.).  Accordingly, Judge Perry granted the VA's motion to dismiss plaintiff's claims relating to her termination for failure to exhaust her administrative remedies.  It appears, based on plaintiff's statements during the 2001 litigation, as well as her statements in the instant complaint, that plaintiff pursued her appeal of the arbitrator's decision upholding her termination directly to the MSPB.

with the Equal Employment Opportunity office and filing a "mixed case appeal" directly with the MSPB.  See Butler, 164 F.3d at 638; 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.151.  When a complainant appeals to the MSPB, the matter is assigned to an ALJ who takes evidence and eventually makes findings of fact and conclusions of law. Butler, 164 F.3d at 638 (citing 5 C.F.R. §§ 1201.41(b), 1201.111). If either party is dissatisfied with the ALJ's decision, the party can petition the full board to review the initial decision. Id.; see also 5 C.F.R. § 1201.113(a). The ALJ's initial decision becomes final if neither party, nor the MSPB on its own motion, seeks further review within 35 days. Id. at 638-39 (citing 5 C.F.R. 1201.113(c)).  The complainant may then seek judicial review of the final decision or appeal the discrimination claim to the EEOC; but, any case for judicial review "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702." 5 U.S.C. § 7703(b)(2); see 29 C.F.R. § 1614.310(b).  Once the ALJ's decision becomes final, all administrative remedies are exhausted. 5 C.F.R. § 1201.113(e).

Although plaintiff has failed to attach a copy of the MSPB decision to her complaint, in the instant case, plaintiff states that she received the decision from the

MSPB on February 7, 2011.[5]  More than thirty (30) days passed between the time plaintiff received the decision from the MSPB and the time she filed an appeal of the decision in this Court.  Pursuant to § 7703(b)(2), plaintiff's inaction foreclosed any judicial review of the MSPB's decision.

In light of the aforementioned, plaintiff was required to show cause, within thirty (30) days of the February 25, 2013 Memorandum and Order, why this action should not be dismissed for her failure to properly exhaust her administrative remedies.

### Plaintiff's Response

In her response to show cause [Doc. #7], plaintiff completely fails to address the exhaustion requirements outlined above.  Rather, plaintiff spends the majority of her brief, as well as three additional filings [Doc. #8, #9 and #10] asserting that this action should not be assigned to the Honorable Catherine Perry.  As the instant case is not currently assigned to Judge Perry, plaintiff's motions to recuse and for disqualification will be denied as moot.

Unfortunately for plaintiff, her failure to address the central question of exhaustion of administrative remedies, or the timeliness of the instant filing, is fatal to her claims before this Court.  5 U.S.C. § 7703(b)(2); see also, Garcia v. Vilsack, 628

---

[5] In her complaint, plaintiff states that the decision was issued on "April and August of 2005" but that she received it on "February 7, 2011."

F.Supp.2d 1306 (D.N.M. 2009); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992)("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run.").

As the Court has outlined in some detail above, plaintiff's complaint was not filed within thirty (30) days of the date she received the decision from the MSPB on February 7, 2011. As such, she has failed to properly exhaust her administrative remedies, and her complaint must be dismissed. 5 U.S.C. § 7703(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to recuse, her motion for disqualification of judge and her motion to change venue or for different judge [Doc. #8, #9, and #10] are **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of July, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE